IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. KELLEY | ) | CASE NO. 1:10CV0565 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| PERRY TOWNSHIP POLICE | ) | MEMORANDUM OF OPINION |
| DEPARTMENT, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* William L. Kelley brings this action under 42 U.S.C. §§ 1983, 1985 and 1986 against Defendants Perry Township, Ohio Police Department, Perry Township Detectives Matt Barker and Jim Mizeres, Perry Township Police Sergeant Mike Pomesky, Stark County, Ohio Common Pleas Judge Charlie Brown, Stark County Prosecutor's Office and Assistant Stark County Prosecutors Chryssa Haptneit and Lori Curd, Attorney Fernando Mack, the Canton Repository, the Ohio Department of Rehabilitation and Correction and Chrystal Sisson, a co-defendant in his state criminal case. The Plaintiff alleges that while at a motel with Defendant Sisson and her child, the child needed medical care. When the paramedics left the motel, Sergeant Pomesky detained him in a police cruiser without a warrant or reading his *Miranda* rights. He was taken to the Perry Township Police Department where he was interrogated by Detectives Barker and Mizeres, again without reading his *Miranda* rights. Plaintiff was then informed that the City of Canton had an outstanding warrant for his arrest. Subsequently he was incarcerated in the Stark County Jail where Barker and Mizeres again questioned his without giving him his *Miranda* rights. Further, Plaintiff asserts that

a conspiracy existed with the remaining Defendants "contriving a conviction through false pretenses of a trial." Complaint pg. 10. Allegedly, Judge Brown conspired with prosecutors Harpneit and Curd by presenting false evidence, deliberately suppressing evidence and influencing the jury verdict. Sisson conspired with Haptneit, Curd, Barker and Mizeres to present perjured testimony. He contends that Attorney Mack conspired with the other Defendants to hinder, delay or prevent the discovery of the constitutional violations inflicted upon Plaintiff. The Canton Repository conspired with the other Defendants to disseminate false information. Under § 1986, Plaintiff alleges that the Ohio Department of Rehabilitation and Correction ("ODRC") is responsible for unsanitary conditions at the Lorain Correction Institution caused by a leaking toilet resulting in a fall that temporarily paralyzed him for three minutes, and that he has suffered emotional distress while incarcerated at the Mansfield Correctional Institution because of the conspiracy and his mail takes three or four weeks to reach him. Plaintiff contends that all Defendants are in violation of 18 U.S.C. §§ 241 and 242. He requests compensatory and punitive damages and injunctive relief against Defendants with the exception of the ODRC.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

On December 5, 2008, Plaintiff was convicted of murder and child endangering in the Stark County Common Pleas Court and sentenced to a term imprisonment of 15 years to life. *State v.*

*Kelley*, Case No. 2009CR0643(A). The allegations set forth in the Complaint clearly challenge the validity of Plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a Complaint seeking relief under 42 U.S.C. § §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his confinement. *Id*. The same reasoning applies to conspiracy claims under §§ 1985 and 1986. *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir.2003); *Mason v. Stacey*, 2009 WL 803107 * 7 (E.D. Tenn., Mar 25, 2009); *McGhee v. U.S.*, 2009 WL 909589 * 1 (W.D. Mich., Mar 31, 2009).

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §§1983, 1985 or 1986 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint must be dismissed.

In addition, Judge Brown is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*,

3

386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Brown acted outside the scope of his official duties. Judge Brown definitely acted within the scope of his official duties in presiding over Plaintiff's court case.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Assistant Prosecutors Haptneit and Curd were acting outside of the scope of their responsibilities.

A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 3 (E.D. Tenn. Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity). Therefore, the Perry Township Police Department not a proper party to this action and must be dismissed.

The ODRC is an Ohio agency. *Collins v. Ohio Department of Rehabilitation and Correction*,

4

2007 WL 2769592 * 2(S.D. Ohio Sep. 18, 2007). The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana*, 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. Rev.Code Ann. § 2743.02(A)(1) (West 2009). Plaintiff has not included the ODRC in his prayer for relief. In any event. the ODRC is immune from suit for money damages and must be dismissed as a party Defendant.

Plaintiff's claims under 18 U.S.C. §§ 241 and 242 also must fail. These criminal statutes do not provide a private cause of action. *Banks-Bey v. Acxiom*, 2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

Date: May 28, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE